NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—March, 1887.

MATTER OF MILLER.

*In the matter of the estate of* JOSEPH E. MILLER, *deceased.*

A policy of insurance upon the life of a decedent, who at the time of his death was not a resident of the State, issued by a domestic corporation having its principal office in New York county, is an asset which, under Code Civ. Pro., § 2478, confers jurisdiction upon the Surrogate's court of that county to grant letters of administration of the estate, though the instrument is without the State at the time of the application.

APPLICATION for letters of administration of decedent's estate.

JOHN W. FISKE, *for foreign administrators.*

FERNANDO SOLINGER, *for petitioner.*

THE SURROGATE.—This decedent died without this State, being at the time of his death a non-resident. Under subd. 3 of § 2476 of the Code of Civil Procedure, therefore, the Surrogate's court of this county has authority to grant letters of administration upon his estate in case he left personal property within this county and no other. I am asked to grant such letters upon the application of a creditor.

The asset which is asserted to be the basis of jurisdiction is a claim against the Mutual Life Insurance Company whose principal office is in this city. That corporation issued, on March 27th, 1873, a policy of insurance for $1,000 upon the life of the decedent, payable at their office in New York to the decedent's executors, administrators or assigns in sixty days after proof of his death. The policy is now in Maine, in the possession of one Frederick V. Chase, heretofore appointed administrator of this estate by the judge of probate of Cumberland county in that state.

It is provided by § 2478 of the Code of Civil Procedure that, " for the purpose of conferring jurisdiction upon a Surrogate's court, a debt owing to a decedent by a resident of the State is regarded as personal property situated within the county where the debtor resides; and a debt owing to him by a domestic corporation is regarded as personal property situated within the county where the principal office

of the corporation is situated. But the foregoing provision does not apply to a debt evidenced by a bond, promissory note or other instrument for the payment of money only, in terms negotiable or payable to the bearer or holder. Such a debt is, for the purpose of conferring jurisdiction, regarded as personal property at the place where the bond, note or other instrument is, whether within or without the State."

Now in my view the claim here in question is not " a debt evidenced by an instrument for the payment of money which is in terms negotiable or payable to the bearer or holder." I hold, therefore, that it must be deemed an asset of the estate within this county, and letters must be granted accordingly.

They may issue to the intestate's widow, or, if she will not accept the same, to the public administrator (Matter of Williams, *ante*, 292).